IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>      v.<br><br>JESUS ALBERTO ORTIZ-MENDEZ,<br><br>                     Defendant. | CASE NO.  1:13-CR-00283 - AWI<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. §  3582(c)(2)<br><br>(Doc. 43) |

      The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The Government has opposed the motion on the basis that Defendant received the benefit of this amendment when originally sentenced in anticipation of the amendment and agreed not to request a further reduction.

      Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously

1

sentenced defendants. In anticipation of this amendment, the Court departed downward two levels from Defendant's adjusted offense level when he was sentenced on March 31, 2014. Defendant received the benefit of the two-level variance in anticipation of the amendments and he agreed not to seek the reduction at a later time; the Defendant's sentencing memorandum specifically requested that "the court invoke the upcoming change in the guidelines for drug offenses and reduce Mr. Ortiz-Mendez' sentence by an additional two-levels, with the understanding that he will not seek this reduction in the future." Doc. 24 at 2-3.

The Court's calculation was as follows: the Court found a base offense level of 34 based on a stipulated quantity of 442 grams of methamphetamine.[1] *See* Doc. 19 at 6. The Court then applied a two-level enhancement for possession of a firearm (*see* U.S.S.G. § 2D1.1(b)(1) (2013)), a three-level downward departure for acceptance of responsibility (*see* U.S.S.G. § 3E1.1(a) and (b)), a two-level safety valve downward departure (*see* U.S.S.G. § 5C1.2), and a two-level downward variance in anticipation of Amendment 782. The total offense level was therefore level 29. The Court determined that the Defendant's criminal history category was category I, resulting in a guideline range of 87 to 108 months. The Court sentenced the Defendant to 87 months – the low end of the guideline range. The Court's calculation of sentencing range at the time of Defendant's sentencing is consistent with the post-Amendment 782 quantity offense level for 442 grams of methamphetamine under Guideline Section 2D1.1(c); Amendment 782 has not lowered the Defendant's applicable guideline range; Defendant is not eligible for a reduction pursuant to Guideline Section 1B1.10.

Defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated:   August 17, 2015                    _____
                                             SENIOR DISTRICT JUDGE

---

[1] The final presentence report recommended a base offense level of 36 based on the approximately 1.3 kilograms of methamphetamine that was likely attributable to the defendant and found at his home. *See* U.S.S.G. § 2D1.1(c)(2) (2013). However, the Court determined that negotiated amount was only 442 grams and calculated his sentence accordingly.